United States Court of Appeals
Fifth Circuit

**F I L E D**

June 24, 2005

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-60757
Summary Calendar
_____

BARBARA DELOACH, natural mother of Shelby Dawson
individually and on behalf of all wrongful
death beneficiaries,

                                        Plaintiff-Appellant,

versus

DAVID M. BRYAN, individually and in his official capacity as
sheriff of Panola County, Mississippi; PANOLA COUNTY
MISSISSIPPI; HUGH BRIGHT, individually and in his
official capacity as Jail Administrator of the Panola
County Jail; EDWARD DICKSON, individually and as a Jailer for
Panola County Jail; RICK JOHNSON, individually and
as a Jailer for Panola County Jail,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:00-CV-29
--------------------

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Barbara DeLoach filed a 42 U.S.C. § 1983 suit against Panola

County, David M. Bryan, individually and in his official capacity

as sheriff of Panola County, Mississippi; Hugh Bright,

individually and in his official capacity as Jail Administrator

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of the Panola County Jail; Edward Dickson, individually and as a Jailer for Panola County Jail; and Rick Johnson, individually and as a Jailer for Panola County Jail. DeLoach sought damages arising out of the suicide of her son, Shelby Dawson, while Dawson was being held in the Panola County Jail. The district court granted summary judgment in favor of the defendants, dismissing DeLoach's claims. DeLoach now appeals.

DeLoach does not argue that the district court erred in dismissing her federal claims against Panola County and her state law claims. She also does not argue that the district court erred in dismissing her claims against Bryan, Bright, Dickson, and Johnson in their official capacities. Lastly, she does not reiterate her claims regarding improper training and instruction. Accordingly, these claims are deemed abandoned on appeal. Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993)(claims not adequately argued in the body of the brief are deemed abandoned on appeal).

We review the district court's decision to grant summary judgment de novo, drawing all inferences in favor of the nonmoving party. Fraire v. Arlington, 957 F.2d 1268, 1273 (5th Cir. 1992). In order to prevail on a 42 U.S.C. § 1983 claim based on the alleged failure of law enforcement officials to prevent the suicide of a pretrial detainee, the plaintiff must demonstrate that the officials acted with deliberate indifference

to the detainee's needs.  <u>Flores v. County of Hardeman</u>, 124 F.3d 736, 738 (5th Cir. 1997).

Viewing the evidence in the light most favorable to DeLoach, we conclude that DeLoach failed to show that a genuine issue of material fact existed with regard to whether the defendants had actual knowledge of Dawson's suicidal tendencies and disregarded that risk.  During his five-month incarceration, Dawson did not appear suicidal.  At no time did Dawson, DeLoach, or any other individual ever notify the defendants that Dawson was suicidal or had suicidal tendencies.  At the time of his death, Dawson had spent approximately five months in the Panola County Jail without incident.  The evidence of the alleged "suicide note" and of Dawson's prior mental health treatment was too remote in time.  The more recent history of Dawson's behavior as related by the jail staff was a better indication of Dawson's mental health at the time of his death.  The judgment of the district court is AFFIRMED.